IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-218-WKW-GMB |
| | ) | |
| US AGENCIES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the *pro se* complaint of Plaintiff Peter James Smith. Doc. 1. The case was referred to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636. Doc. 7.  Because Smith has moved for leave to proceed *in forma pauperis* (Doc. 2), the court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  This statute instructs the court to dismiss any action in which it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii).  After a careful review of the complaint, and giving due consideration to Smith's *pro se* status, the undersigned recommends that this case be dismissed prior to service of process pursuant to §§ 1915(e)(2)(B)(i) and (ii) because Smith's claims are frivolous and fail to state a claim upon which relief may be granted.

**I. BACKGROUND**

Smith brought this action on March 30, 2016. Doc. 1.  His complaint names "US

Agencies, et al." as the defendants.[1]  US Agencies is a liability insurance company specializing in low-cost automobile insurance with an office at 6649 Atlanta Highway in Montgomery, Alabama. Doc. 1.

Smith alleges that, on March 8, 2016, he was sitting on the sidewalk in front of "an available rental space" located at 6651 Atlanta Highway in Montgomery, Alabama. Doc. 1.  Smith claims that he was arrested for trespassing at US Agencies (located at 6649 Atlanta Highway) despite the fact that he was sitting on the sidewalk in front of the vacant storefront nearby.[2] Doc. 1.  Smith alleges that he was not in the building at 6649 Atlanta Highway at any time, nor was he blocking the entrance to that building. Doc. 1.  Smith claims that an employee of US Agencies called the Montgomery Police Department, and he was arrested and charged with third-degree criminal trespass. Doc. 1.

Smith's causes of action include a "[v]iolation of 'Double Jeopardy' and the 'Shephard-Byrd [sic] Hate Crime Act'"—an apparent reference to the Matthew Shepard Act, 18 U.S.C. § 249—as well as claims for "defamation, harassment and false imprisonment." Doc. 1.  Smith claims "emotional distress, mental anguish, pain and suffering, compensatory, as well as punitive damages." Doc. 1.  He is also requesting the return of a cell phone. Doc. 1.

---

[1] Despite the use of "et al." in the style of the case, Smith makes no reference to any other defendant, although he does describe an arrest by several unnamed police officers.
[2] Smith makes similar allegations, albeit directed at different defendants, regarding this and other arrests in a separate case pending before the undersigned. *See* Civil Action No. 2:16-cv-156-WKW-GMB.  The court is also recommending dismissal of that case under 28 U.S.C. § 1915(e)(2)(B) in a separate report and recommendation.

## II.  STANDARDS OF REVIEW

Under § 1915, a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law when the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327–28.  A claim may also be dismissed under § 1915 for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1491 (11th Cir. 1997) (Lay, J., concurring).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 557 (internal quotation marks omitted).  Further, when a successful affirmative defense, such as the statute of limitations, appears on the face of the complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court holds him to a more lenient standard than that of an attorney, but it will not rewrite an otherwise deficient complaint in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).  A plaintiff's factual allegations are treated as true, but

3

conclusory assertions and a recitation of a cause of action's elements are not. *Iqbal*, 566 U.S. at 681.

### III.  DISCUSSION

Smith's complaint, even when viewed with the leniency afforded *pro se* plaintiffs, is frivolous and fails to state a claim upon which relief can be granted.  In essence, Smith alleges a wrongful arrest. *See* Doc. 1.  While Smith may challenge the merits of his arrest at his criminal trial for trespass, he pleads no facts here that support a cause of action for any of his stated claims.  Smith's allegations are the precise kind of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

**A.     Federal Claims**

Because the "vehicle for bringing civil lawsuits" for the alleged violation of an individual's constitutional rights is 42 U.S.C. § 1983, Smith's wrongful arrest claim is brought under § 1983. *See, e.g.*, *Bush v. Houston Cnty. Comm'n*, 414 F. App'x 264, 266 (11th Cir. 2011).  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).  Smith has established neither.

First, US Agencies is a private business, not a "person acting under color state law."  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50

(1999).  The private nature of US Agencies' allegedly tortious conduct is sufficient alone to compel the dismissal of Smith's § 1983 claim. *See, e.g.*, *Smith v. Game Stop*, 2016 WL 3360673, at *2 (M.D. Ala. Apr. 20, 2016) (dismissing a nearly identical complaint by Smith against a private business as frivolous and for failure to state a claim under § 1915 because, among other reasons, the defendant was a private actor), *adopted by* 2016 WL 3360699 (M.D. Ala. June 9, 2016).

Second, Smith has not adequately alleged a violation of a federal right.  The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The purpose of the Double Jeopardy Clause is to prevent an individual from being punished or prosecuted multiple times for the same offense. *See, e.g.*, *United States v. Dixon*, 509 U.S. 688, 704 (1993) (stating that "the Clause serves the function of preventing both successive punishment and successive prosecution").  "Same offense" in this context includes charges arising out of the same transaction or occurrence.  Charges arising out of different transactions or occurrences are not the "same offense" and do not implicate the Double Jeopardy Clause. *See, e.g.*, *Blockburger v. United States*, 284 U.S. 299, 302 (1932) (stating that "[e]ach of several successive [transactions] constitutes a distinct offense, however closely they may follow each other").

Smith's Double Jeopardy claim is based on multiple arrests for similar but distinct conduct that took place on different dates and at different times. *See* Doc. 1.  Indeed, it may well be that Smith's arrest on March 8, 2016 was not his first arrest for trespassing at the same location.  But arrests for separate and distinct trespassing violations do not

implicate the Double Jeopardy Clause, even if each trespassing violation occurred at the same location. In sum, because Smith does not allege that he has been punished or prosecuted multiple times for the same offense, he has failed to state a viable § 1983 claim for violation of the Double Jeopardy Clause.

Smith also asserts claims for violation of the "Shephard-Byrd [sic] Hate Crime Act," which the court construes as an attempt by Smith to assert a claim under the Matthew Shepard Act, 18 U.S.C. § 249. The Matthew Shepard Act is a federal hate crime law. *See Lee v. Lewis*, 2010 WL 5125327, at *2 (E.D.N.C. Oct. 28, 2010) (explaining that the "Matthew Shepard Act, passed in 2009, was a modification to 18 U.S.C. § 245, a 1969 federal hate crime law"). It does not create or provide a civil litigant with a private cause of action. *See id.* (holding that the Matthew Shepard Act does "not give rise to any civil cause of action cognizable under federal law"). Accordingly, Smith's claim under the Matthew Shepard Act is due to be dismissed under § 1915 as frivolous and for failure to state a claim upon which relief can be granted.

**B.   State Law Claims**

Smith asserts state law claims for defamation, harassment, and false imprisonment. Doc. 1. Because Smith's federal claims are due to be dismissed, the court should decline to exercise supplemental jurisdiction over his remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over

which it has original jurisdiction").[3]

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief can be granted.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **November 10, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

---

[3] Moreover, even if the court were to exercise supplemental jurisdiction over Smith's state law claims, the complaint does not allege any act on the part of US Agencies or any of its employees that would serve as the basis for a valid legal claim for defamation, harassment, or false imprisonment.

DONE this 27th day of October, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE