IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER JAMES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-218-WKW |
| | ) |
| U.S. AGENCIES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 27, 2016, the Magistrate Judge filed a Recommendation (Doc. # 8) that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1367(c)(3). On December 1, 2016, Plaintiff Peter James Smith filed timely objections. (Doc. # 11.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

In his objections, Smith fails to address the basis of the Magistrate Judge's Recommendation that the case be dismissed, namely: (1) that no facts are alleged under which it could be reasonably inferred that Defendant U.S. Agencies, an insurance company, acted under color of state law in allegedly falsely reporting to the police that Smith was trespassing; (2) the fact that Smith was previously arrested for other, distinct incidents of alleged trespassing did not render his arrest

for trespassing on the occasion in question a violation of the Double Jeopardy clause; (3) that 18 U.S.C. § 249 is a criminal statute that does not give rise to a civil action for commission of a hate crime; and (4) that, pursuant to 28 U.S.C. § 1367(c)(3), the court should decline to exercise jurisdiction over Smith's state law claims.

Accordingly, it is ORDERED as follows:

1. Smith's objection (Doc. # 11) is OVERRULED.

2. The Recommendation (Doc. # 8) is ADOPTED.

3. Smith's federal claims against Defendant U.S. Agencies are DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief can be granted.[1]

3. Smith's state law claims are DISMISSED without prejudice on grounds that the court declines to exercise jurisdiction over those claims pursuant

---

[1] It is apparent that, even if offered an opportunity to amend, Smith could allege no facts sufficient to support his federal claims against Defendant U.S. Agencies. Therefore, it is not necessary to provide Smith an opportunity to amend his federal claims prior to dismissing them with prejudice. *See Troville v. Venz*, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) ("Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss [a *pro se*] *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15."); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001) (holding that leave to amend is not required by Rule 15 "where amendment would be futile"); *see also Bettencourt v. Owens*, 542 F. App'x 730, 735 (11th Cir. 2013) ("A court must . . . afford a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless an amendment would be futile."); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*) ("Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

to 28 U.S.C. § 1367(c)(3).

4. There being no other claims or Defendants, this action is DISMISSED.

Final judgment will be entered separately.

DONE this 14th day of December, 2016.

                                /s/ W. Keith Watkins  
                         CHIEF UNITED STATES DISTRICT JUDGE